COMMONWEALTH *vs.* JOHN S. VARTANIAN.

Essex.   January 14, 1925. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle,* Unlawful operation.   *Evidence,* Relevancy and materiality.

At the trial of an indictment charging the defendant with operation on a public way of a motor vehicle so that the lives or safety of the public might be endangered, it is proper for the trial judge to refuse to give instructions which would lead the jury to think that the crime charged involved any element of negligence or moral turpitude or knowledge of its criminal character, instead of being the specific act of operation on a way so that the lives or safety of the public might be endangered.

INDICTMENT, found and returned on May 16, 1924, charging that the defendant upon a way in Lawrence "did operate a motor vehicle so that the lives or safety of the public might be endangered."

In the Superior Court, there was a trial before *Walsh*, J. Material evidence and requests by the defendant for rulings are described in the opinion.   Upon the questions raised by the requests, the judge charged the jury as follows:

"Now with reference . . . to the other indictment charging that he did operate a vehicle in a manner so that the lives and safety of the public might be endangered.   That is the act which is prohibited under the statute.   Operating a motor vehicle on a way so that the lives or safety of the public might be endangered.   The intent with which the act is done is an immaterial factor.   It is irrelevant whether the act is negligent or not, and although it may be difficult to conceive of the operation of a motor vehicle on a way so as to endanger the lives or safety of the public which does not at the same time involve some element of negligence, nevertheless the statute says nothing about negligence.   The question of negligence is foreign to the issues raised under the indictment. The only fact to be determined is whether the defendant did the prohibited act, namely operate a motor vehicle on a way so that the lives or safety of the public might be endangered. This belongs to a class of cases which has put the burden upon the individual of ascertaining at his peril whether his conduct is within the sweep of the prohibition contained in the statute. The performance of the specific act constitutes the crime, namely, the operating of a motor vehicle so that the lives or safety of the public might be endangered.   The moral turpitude or purity of the motive by which it was prompted and the knowledge or ignorance of its criminal character are immaterial on the question of guilt."

The defendant was found guilty and alleged exceptions.

*J. J. Sullivan*, for the defendant.

*W. G. Clark*, District Attorney, & *H. C. Thompson*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J.   The defendant was tried and convicted upon an indictment which charged him with operating a motor vehicle so that the lives or safety of the public might be endangered.   He was also tried at the same time upon two other indictments, predicated upon the same state of facts,

one for manslaughter, and the other for operating a motor vehicle recklessly, on both of which he was found not guilty.

There was evidence tending to show that on February 29, 1924, the defendant operated an automobile truck on the northerly side of Essex Street in Lawrence, at a speed of twenty miles an hour; that one Elizabeth Poirier, while crossing from the south side of that street, was struck by the truck and killed, and that her body was thereafter dragged by the truck a distance of thirty-two feet. There was also evidence that the defendant said to a police officer that "he was in a hurry delivering some fruit or something and he took a chance and tried to get by her"; this was denied by the defendant. Other evidence was offered by both sides. The jury took a view of the place where the accident occurred. At the close of the evidence the defendant requested the trial judge to give the following instructions:

"1. The fact that an accident happened and the deceased was killed by the defendant's truck is not enough to convict the defendant of operating so that the lives and safety of the public might be endangered. The jury must find some improper act of the defendant's which might endanger the lives and safety of the public. If the defendant was operating his truck properly and the accident happened through no fault of his, then the jury should find for the defendant.

"2. If the jury find that the accident was caused by the defendant's truck, they should find him not guilty if they find no improper operation by the defendant caused the accident and that he was not in any other way operating the truck so that the lives and safety of the public might be endangered."

"4. You are instructed that the law does not hold a person who is faced with a sudden emergency to the same degree of judgment and presence of mind as would otherwise be required of him under circumstances not indicating sudden peril."

The first sentence of request "1" was not an accurate statement of the law; he was guilty if he so operated a motor vehicle that either the lives or safety of the public might be endangered. The further assertion in the next sentence,

that the jury must find some improper act of the defendant which might endanger the lives and safety of the public, could not properly have been given. The defendant was charged with a specific and definite offence. If he was found so to have operated the truck that the lives or safety of the public might be endangered, he was guilty, even if the jury found that he committed no improper act other than to operate a motor vehicle as charged. The operation of a motor vehicle in violation of the statute alone constitutes the offence. Criminal liability does not depend upon negligence or the intent with which the act is done. As was said in *Commonwealth* v. *Pentz*, 247 Mass. 500, 510: "The performance of the specific act constitutes the crime. The moral turpitude or purity of the motive by which it was prompted, and the knowledge or ignorance of its criminal character, are immaterial on the question of guilt." To instruct the jury as requested would have been misleading and might have led them to believe that the defendant could not be convicted if his conduct were free from carelessness and he had no intention to violate the statute. The facts attending the accident, the rate of speed of the truck, its condition and that of the highway, the presence of other vehicles and people, the strength and vision of the defendant, and all the circumstances, were proper for consideration by the jury, and they were so instructed. The judge further told them that "The only fact to be determined is whether the defendant did the prohibited act, namely operate a motor vehicle on a way so that the lives or safety of the public might be endangered." This instruction described the offence set forth in the statute, it was not only accurate but adequate and sufficient.

The second request is similar in terms to the first and for reasons already stated was rightly denied.

The fourth request might be pertinent where negligence was involved, but as it has no relevancy to the case at bar it was rightly refused.

*Exceptions overruled.*