COMMONWEALTH *vs.* JOSEPH A. SANSONE.

Suffolk.    March 3, 1925. — April 15, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Competency, Opinion. *Witness*, Cross-examination, Impeachment. *Practice, Criminal*, Charge to jury.

Where, at the trial of an indictment for operating a motor vehicle upon a public way "so that the lives and safety of the public might be endangered," evidence of the Commonwealth tends to show that the

vehicle ran into a woman and evidence of the defendant tends to show that she walked into the left mudguard of the vehicle, it is proper to permit a daughter-in-law of the woman, who was with her at the time of the accident, to testify that the condition of her mother-in-law, as to her ability to walk, her hearing and eyesight, was good, the question not calling for an expert opinion but only for such inference as is obtained by ordinary observation, and the evidence being relevant and material.

While the credit to be given a witness to material facts is not merely collateral, and reasonable cross-examination for the purpose of proving the falsity of his testimony or bias or prejudice on his part has been held to be a matter of right, it was proper at the trial above described to exclude, in the cross-examination of a witness called by the Commonwealth, questions, "Did you discuss this case with anyone since the accident?" and "Did you speak to a newsboy in Adams Square with reference to this case?" where the only offer of proof by the defendant with regard thereto was that his purpose in asking the questions was to show that the witness had assisted the Commonwealth in looking for witnesses and in prosecuting the case, and to disclose that the witness was prejudiced, the offer being broader than the questions and in large part not responsive to them, and it not appearing therefrom that the witness said anything to anyone who did or could assist the Commonwealth, and the witness not being asked if he had assisted the Commonwealth in any way.

One who observed an accident on a highway which afterwards was made the basis of an indictment founded on G. L. c. 90, § 24, has the right, if not the duty, to assist the Commonwealth at least to the extent of disclosing to the prosecuting attorney all facts within his knowledge material to the case, including the names of witnesses known to him; if he does no more than this he cannot fairly be charged with partisanship. Per SANDERSON, J.

It is not error for a trial judge in the course of a charge to a jury, at the trial of an indictment based upon a statute, to state the purpose of the Legislature in enacting the statute upon which the indictment is based.

INDICTMENT, found and returned on November 10, 1924, charging that the defendant on October 3, 1924, on Washington Street in Boston did "operate an automobile so that the lives and safety of the public might be endangered."

In the Superior Court, the action was tried before *Dillon,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence and exceptions by the defendant are described in the opinion. In his charge to the jury, the judge, after stating that the question whether the defendant was negligent, was not an element to be considered on the question of his being guilty of violation of the statute, G. L. c. 90, § 24, continued: "The statute

as thus construed does not amount to a prohibition of the use of motor vehicles. It is simply a regulation of their use. The safety of the public from injury and loss of life through the operation of motor vehicles well may have been thought by the Legislature to be of such supervening importance as to warrant the enactment of such a statute. It is a matter of common knowledge that many lives are lost and many persons injured through the operation of motor vehicles on public ways. Any rational statute designed to diminish this appalling impairment of human usefulness and happiness is within the power of the General Court under the grant in the Constitution to enact all manner of reasonable and wholesome laws. Illustrations put in argument of possible hardship upon those who operate motor vehicles fall far short of showing that the present statute is arbitrary or unreasonable, or that it is not adapted to the accomplishment of a permissible result." The bill of exceptions states, "This part of judge's charge was read by the court from Supreme Court Report."

The defendant was found guilty and alleged exceptions.

*E. Adlow,* for the defendant.

*G. Alpert,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was convicted of so driving an automobile that the lives and safety of the public might be endangered. The testimony offered by the Commonwealth tended to prove that an automobile, while being driven by the defendant in Adams Square, Boston, at the rate of thirty miles an hour, hit a woman who was crossing the street. Subject to an exception by the defendant, the daughter-in-law of this woman was permitted to testify that the condition of her mother-in-law, as to her ability to walk, her hearing and eyesight, was good. The questions called for no expert opinion but for such information as is obtained by ordinary observation. *Commonwealth* v. *Sturtivant,* 117 Mass. 122. It was competent for the Commonwealth to prove all the circumstances, including the condition, movements and conduct of the person injured. *Commonwealth* v. *Vartanian,* 251 Mass. 355. The testimony also was

proper for the consideration of the jury in connection with that of the defendant offered later, that the woman walked into the left mudguard of the automobile. The other exception to the admission of evidence not having been argued is treated as waived.

Counsel for the defendant, in cross-examining a witness called by the Commonwealth, asked: "Did you discuss this case with any one since the accident?" Upon objection by the district attorney, counsel stated, in reply to an inquiry by the trial judge, that his purpose in asking the question was to show that the witness had assisted the government in looking for witnesses and in prosecuting the case, and to disclose that the witness was prejudiced. The trial judge excluded the question. The defendant then asked the witness, "Did you speak to a newsboy in Adams Square with reference to this case?" Upon the statement of counsel for the defendant that that question was asked for the same purpose, the judge excluded it. The credit to be given a witness to material facts is not merely collateral, and reasonable cross-examination for the purpose of proving the falsity of his testimony or bias or prejudice on his part has been held to be a matter of right. *Day* v. *Stickney,* 14 Allen, 255. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. *Commonwealth* v. *Russ,* 232 Mass. 58, 79. The answers to the two questions asked would not in themselves have a tendency to show either of these things, and upon the offer of proof it is not possible to determine what facts counsel expected to bring out and whether they, if established, would have a tendency to prove interest or prejudice. The offer did not suggest that the witness was employed or asked by the Commonwealth to assist in the case, that he had any pecuniary interest in it, nor that he had expressed any ill will toward the defendant. It did not appear from the offer that the witness said anything to anyone who did or could assist the Commonwealth, and the witness was not asked if he had assisted the Commonwealth in any way. The offer was broader than the questions and in large part not responsive to them. *Hallwood Cash Register Co.* v. *Prouty,* 196 Mass. 313, 315. The only witnesses called were

the witness being cross-examined, the daughter-in-law who accompanied the woman who was injured, the defendant, and a witness called by him.   No newsboy or other witness was called either to testify or to prove that he was asked to testify.   The burden is on the party excepting to show that he has been harmed by a ruling.   *McGonigle* v. *Belleisle Co.* 186 Mass. 310.   *Commonwealth* v. *Phelps*, 210 Mass. 109, 114.   It is not enough to state the purpose of an offer of this kind in such general terms that it does not disclose to the court the facts which, if established, would tend to show interest or prejudice.   *Ford* v. *Ford*, 104 Mass. 198, 206.   Prejudices are usually indicated by some form of expression.   *Day* v. *Stickney, supra.*   The witness being cross-examined was one on whom the Commonwealth relied in part to prove the commission of the crime.   Such a witness has the right, if not the duty, to assist at least to the extent of disclosing to the prosecuting attorney all facts within his knowledge material to the case, including the names of witnesses known to him.   If he does no more than this he cannot fairly be charged with partisanship.   The defendant has failed to show that the discretion of the trial judge was not properly exercised in excluding the questions asked.

The exception of the defendant to a part of the charge in which the judge quoted from the opinion in a decided case must be overruled.   *Commonwealth* v. *Dow*, 217 Mass. 473, 483.   This exception was taken to a portion of the charge which covered nearly a page of the printed record, and which in its main features stated the principles of law applicable to the facts of the case.   The attention of the judge was not called to any particular sentences or phrases in the paragraphs excepted to, and which the defendant now contends are objectionable.   *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537, 544.   *Draper* v. *Cotting*, 231 Mass. 51, 63. It is not error for the trial court in the course of a charge to state the legislative purpose in enacting the statute upon which the indictment is based.

*Exceptions overruled.*