COMMONWEALTH *vs.* AUGUSTA OBER.

SAME *vs.* SAME.

Suffolk.    February 5, 1934. — March 27, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Motor Vehicle*, Parking. *Way*, Public: traffic regulation, parking of motor vehicle. *Municipal Corporations*, Traffic regulation. *Evidence*, Presumptions and burden of proof.

It was not essential to the offence prohibited by a regulation adopted by the Boston Traffic Commission under the authority of St. 1929, c. 263, "No person shall allow, permit or suffer any vehicle registered in his name to stand, or park in any . . . way . . . under the control of the city in violation of any of the" other regulations of the commission, either that the improper parking of a vehicle should be done by its registered owner or that he should have knowledge thereof.
So construed, such regulation was valid.
Where, at the trial of a complaint for violation of such regulation, there was evidence that a vehicle registered in the name of the defendant was parked on a way under the control of the city in violation of the other regulations of the commission; that it was "tagged" by a police officer for such violation; that a notice thereof was sent to the defendant requesting him to bring the tag to a certain police station within a specified time; and that the tag was not returned and nothing was ever heard from the defendant, a finding of guilty was warranted although there was no evidence as to who so parked the defendant's vehicle or who took it away.

Two COMPLAINTS, received and sworn to in the Municipal Court of the City of Boston on August 28, 1933, and afterwards amended.

Upon appeal to the Superior Court, the defendant waived trial by jury and the complaints were heard together by *Cox*, J. Material evidence and rulings requested by the defendant and refused are stated in the opinion. The defendant was found guilty upon each complaint. With the

consent of the defendant, the judge reported the complaints for determination by this court.

*M. L. Glazer,* for the defendant.

*W. M. Gaddis,* Assistant District Attorney, for the Commonwealth.

*R. W. Hale & J. L. Ware, amici curiae,* by leave of court submitted a brief.

PIERCE, J.    These complaints in the Superior Court, numbered 6600 and 6601, were originally tried in the Municipal Court of the City of Boston.    The defendant was convicted on all counts and fines were imposed.    The cases were appealed to the Superior Court, where they were tried together, the defendant having seasonably waived her right to a jury trial.    That court found the defendant guilty on each count of each complaint, and she was sentenced to pay a fine of $5 on each count.    Further proceedings were stayed, and the judge, being of the opinion that the question of law is so important or doubtful as to require the decision of the Supreme Judicial Court, reported the cases with the consent of the defendant, in order to present the questions of law arising therein.    If, as matter of law, the judge should have "found the defendant not guilty on any or all of the counts, then such finding or findings of guilty as should not have been made are to be set aside and appropriate findings of not guilty ordered.    If, as matter of law, any of the requests for rulings which were refused should have been given and the refusal to give them requires that the finding or findings of guilty as to any or all of the counts be set aside, then such finding or findings are to be set aside and such finding, findings or order are to be ordered as are required.    Otherwise, the findings of guilty are to stand."

The reported facts are in substance as follows:  Under the authority of St. 1929, c. 263, and in conformity thereto, the Boston Traffic Commission adopted the rules and regulations which were in force at the time of each of the alleged violations of them.    These rules and regulations so far as material were: "Section 31. . . . (5) No person shall allow, permit or suffer any vehicle registered in his name

to stand, or park in any street, way, highway, road or parkway under the control of the city in violation of any of the rules and regulations of the Traffic Commission of the City of Boston"; "Section 19. . . . Except as otherwise provided, no operator shall park any vehicle between the hours of 7 o'clock A.M. and 6 o'clock P.M. of any day, except Sundays and legal holidays, on any street for a period of time longer than one hour"; and "Section 17. . . . (4) No operator shall stop, stand or park any vehicle with passenger registration for more than five minutes continuously, nor any vehicle with commercial registration for more than twenty minutes continuously in any of the following places: . . . Between the hours of 1 P.M. and 1 A.M. . . . State Street: North side, from McKinley square to Congress street."

Excepting references to times and places, counts 1, 2, 3, 4 and 5 of the complaint numbered 6600, as amended in the Superior Court, are alike. Count 1 and the other counts of the complaint numbered 6600, with the exceptions noted, read as follows: "To the Justices of the Municipal Court of the City of Boston, holden at said City of Boston for the transaction of criminal business, within the County of Suffolk, Richard S. McKee of the City of Boston, in the County of Suffolk, in behalf of the Commonwealth of Massachusetts, on oath complains that at the time of the commission of the crime hereinafter set forth one, a certain vehicle, to wit, an automobile was then and there duly registered in the name of Augusta Ober according to law, and that the said Ober of said City of Boston, on a day other than Sunday or legal holiday, to wit, on the sixteenth day of February in the year of our Lord one thousand nine hundred and thirty-three, at the City of Boston aforesaid, and within the judicial district of said Court, did then and there allow, permit or suffer said vehicle to stand or park in a certain street, to wit: Brattle Square Street under the control of said City in violation of a rule and regulation of the Traffic Commission of said City, to wit: did then and there allow, permit or suffer an operator to park said vehicle between the hours of seven o'clock A.M. and six

o'clock P.M. of said day on said street for a period of time longer than one hour. against the peace of said Commonwealth, the form of the statute of said Commonwealth, and the rule and regulation of the Boston Traffic Commission of said city in such case made and provided."

The complaint numbered 6601, as amended in the Superior Court, reads as follows: said "Richard S. McKee . . . on oath complains that at the time of the commission of the crime hereinafter set forth, a certain vehicle with a passenger registration, to wit, an automobile was then and there duly registered according to law in the name of Augusta Ober, and that the said Ober of said City of Boston, on the thirty-first day of March in the year of our Lord one, thousand nine hundred and thirty-three, at the City of Boston aforesaid, and within the judicial district of said Court, did then and there allow, permit or suffer said vehicle to stand or park· in a certain street, to wit, State Street and in that part of said State Street, North Side, between McKinley Square and Congress Street, said street and part thereof being under the control of said City, in violation of a rule and regulation of the Traffic Commission of said City, to wit: did then and there allow, permit or suffer an operator to stop, stand or park said vehicle for more than five mmutes continuously between the hours of one o'clock P.M. and one o'clock A.M. of said day on said street and the place aforesaid. against the peace of said Commonwealth, the form of the statute of said Commonwealth, and the rule and regulation of the Boston Traffic Commission of said city in such case made and provided."

No question is raised by the defendant "as to the form or sufficiency of the complaints." All the places described as streets or ways in the several complaints were under the control of the city of Boston. "On the several days and times and at the several places named in the complaints a motor vehicle with passenger registration, (that is, as defined by said rules and regulations of said traffic commission, a registered vehicle. other than a vehicle registered for commercial purposes and used in the transportation of goods, wares and merchandise) and registered in the name

of the defendant was parked as alleged in the several counts of the complaint. On each occasion that the defendant's automobile was so parked, a police officer attached a tag to it. Each tag had written on it the registration number of the defendant's automobile, the date, time and place when and where the car was parked and tagged and also a printed statement that the automobile had been tagged for a violation of traffic regulations, that is, parking in a restricted space and requesting the defendant to bring the tag to the police station within forty-eight hours. On each said occasion a notice of the tagging was sent by the traffic bureau of the police department to the defendant at her address. None of the tags was ever returned and nothing was ever heard from the defendant. There was no evidence as to who left or parked the defendant's automobile at the times and places set forth in the complaints or who took it away."

At the close of the evidence the defendant requested the judge in each case to instruct himself as follows: (1) "Upon all the evidence the defendant is entitled to a finding in her favor"; (2) "Upon all the law the defendant is entitled to a finding in her favor"; (3) "The burden is upon the Commonwealth to prove that the defendant parked her car in the premises alleged in the complaints"; (4) "The burden is upon the Commonwealth to produce witnesses who can identify the defendant as the person parking in the premises set forth in the complaints"; (5) "The court can draw no inferences that the defendant knew and allowed her vehicle to be illegally parked"; (6) "The court should rule as a matter of law that § 31, paragraph 6, of the Traffic Regulations of the city of Boston, under which these complaints are made is unconstitutional"; and (7) "The court should rule as a matter of law that ownership of a motor vehicle is no evidence that the said motor vehicle was parked illegally by the defendant." The judge refused to instruct himself as requested. In refusing request numbered 5 he had in mind that § 31, (5), does not in terms require that the defendant "knew" her automobile to be illegally parked; and in refusing request numbered 7 he

had in mind that the rules alleged to have been violated do not in terms require that the parking shall be done by the defendant.

It is the contention of the defendant that "It is well settled in this Commonwealth that in order to find the defendant guilty of a crime committed by another there must be facts and circumstances from which the court can reasonably infer that the defendant had knowledge." This is, in substance, a statement of a general principle of the criminal law, that it is an essential ingredient in a criminal offence that there should be some blameworthy condition of the mind, sometimes it is negligence, sometimes malice, sometimes guilty knowledge. *Chisholm* v. *Doulton*, 22 Q. B. D. 736, 741. This principle of the common law applies to statutory offences with this difference, that it is in the power of the Legislature, if it pleases, to punish offences although there was no blameworthy condition of mind about them.

There are many modern instances of acts which are made criminal by legislation where there is no intent or criminal knowledge by the offender. These offences are commonly described as *mala prohibita* as distinguished from offences which are *mala in se*. Of such offences it was said, in substance, in *Regina* v. *Stephens*, L. R. 1 Q. B. 702, at pages 708, 710: "It is quite true that this [an indictment for a nuisance] in point of form is a proceeding of a criminal nature, but in substance . . . it is in the nature of a civil proceeding, and . . . [there is] no reason why a different rule should prevail . . . [in a case of this nature] between proceedings which are civil and proceedings which are criminal. . . . the object of the indictment is not to punish the defendant, but really to prevent the nuisance from being continued . . . ." When a criminal offence is charged there must be a *mens rea*, but it is manifest that there is a large class of cases in which it is unnecessary to prove a criminal intention, for instance, in an indictment for obstructing a highway. Although the obstruction may have been caused *bona fide*, evidence which is sufficient to render a man liable

in an action for a nuisance is sufficient to make him liable on an indictment.

In this Commonwealth familiar instances of criminal liability without proof of a guilty knowledge are found in offences (1) relating to the sale of intoxicating liquor (*Commonwealth* v. *Goodman*, 97 Mass. 117, *Commonwealth* v. *Hallett*, 103 Mass. 452, *Commonwealth* v. *Savery*, 145 Mass. 212, *Commonwealth* v. *Daly*, 148 Mass. 428, and *Commonwealth* v. *O'Kean*, 152 Mass. 584); and in sales to minors (*Commonwealth* v. *Stevens*, 155 Mass. 291); (2) relating to sales of adulterated food or impure milk (*Commonwealth* v. *Smith*, 103 Mass. 444, *Commonwealth* v. *Warren*, 160 Mass. 533, *Commonwealth* v. *Wheeler*, 205 Mass. 384, *Commonwealth* v. *Graustein & Co.* 209 Mass. 38), sales of adulterated butter or oleomargarine containing coloring matter prohibited by statute (*Commonwealth* v. *Gray*, 150 Mass. 327); and (3) relating to violation of the motor vehicle laws (*Commonwealth* v. *Pentz*, 247 Mass. 500, *Commonwealth* v. *Vartanian*, 251 Mass. 355, *Commonwealth* v. *Coleman*, 252 Mass. 241; see cases collected in note, 33 Colum. L. Rev. 84–88). The legislation here under consideration belongs to the class of statutes where the General Court, legislating for the common welfare, has put the burden upon the individual of ascertaining at his peril whether his conduct is within the scope of the criminal prohibition. The moral turpitude, the motive which prompts the illegal act, and the knowledge or ignorance of its criminal character are immaterial on the question of guilt. Some legislative acts go further and make a master liable criminally for offences committed by his servant. *Redgate* v. *Haynes*, 1 Q. B. D. 89. *Bond* v. *Evans*, 21 Q. B. D. 249. Undoubtedly the general rule is, as the defendant contends, that the master is not criminally liable for the acts of his servant done contrary to his orders and without authority, express or implied, merely because the act done is within the course of his business and within the scope of his employment. The rule is different if the act is that of the master because done by the servant within his authority, especially if it

is an act which is made punishable even when done in ignorance of its punishable quality. In such case the statute applies to the master as well as to the servant. *Commonwealth* v. *Stevens,* 155 Mass. 291, 295. *Commonwealth* v. *Closson,* 229 Mass. 329. *Commonwealth* v. *Pentz,* 247 Mass. 500. *Commonwealth* v. *Vartanian,* 251 Mass. 355. *Commonwealth* v. *Coleman,* 252 Mass. 241.

In the instant cases the public mischief to be averted is obvious. The inconvenience of keeping watch over parked vehicles to ascertain who in fact operates them would be impracticable, if not impossible, at a time when many vehicles are parked. We think the rules and regulations of the Boston Traffic Commission in force at the time of the acts complained of and at the trial were framed and intended to cover and make punishable any violation of §§ 31 (5), 19 and 17 (4) by the owner of a registered vehicle, whether the particular violation or violations were by the owner or were by a person allowed, permitted or suffered by the owner of any vehicle registered in his name in any street, way, highway, road or parkway under the control of the city of Boston. In a word this is one of the unusual instances where a person at his peril must see to it that the rules and regulations are not violated by his act or by the act of another. The reported evidence established a *prima facie* case which was not met by evidence offered by the defendant. There was no error in the refusal of the judge to instruct himself as requested by the defendant. In accordance with the report in each case the "findings of guilty are to stand."

*So ordered.*