Thomas WHEELER, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6366.

United States Court of Appeals
First Circuit.

Heard March 1, 1965.

Decided Oct. 26, 1965.

John M. Doukas, Boston, Mass., with whom Maloney, Williams, Baer & Doukas, Boston, Mass., was on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., and Melvin B. Miller, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, WATERMAN, Circuit Judge,* and GIGNOUX, District Judge.

WATERMAN, Circuit Judge.

The appellant was convicted on four counts charging him with wilful evasion of the payment of federal income taxes. On appeal he assigns as error numerous rulings made by the trial court below.

* Sitting by designation.

We regard one such assignment as dispositive, reverse the judgment of conviction, remand the cause for a new trial, and do not pass upon any of appellant's other contentions.

The first and principal witness for the Government was Raymond L. White, who had been employed by the appellant and by various corporations with which the appellant was connected. White's testimony, if believed, was sufficient to convict the appellant on each count. During the cross-examination of White by appellant's counsel, White was asked whether he had claimed or would claim an "informer's reward" in connection with this case. The Government objected to the question, the objection was sustained, and White never made answer. To perfect his position counsel for appellant offered to prove that if White had been allowed to answer, the answer would have been "Yes," but the trial court persisted in excluding the question. On appeal to this court the appellant contends that this ruling improperly infringed upon his right of cross-examination, and that, as a consequence, the conviction must be reversed.

Unquestionably appellant's case was weakened by the court's ruling if we assume, as we should, that appellant made a supportable offer of proof. White's direct testimony was central to the Government's case, and if the jury knew that White had supplied the Internal Revenue Service with information that had brought about the prosecution of appellant, and knew that, in the event of conviction, he planned to claim a reward, the probative value of White's testimony would be weakened. White would then appear to the jury as a witness with a financial stake in having Wheeler convicted rather than as a citizen dutybound to give incriminating testimony against a former employer. We do not understand the Government to argue that appellant could not lawfully adduce evidence tending to prove that White had a financial interest in having Wheeler convicted, but it does argue that here the trial court properly excluded appellant's question. In support of this position the Government points out that the limits permissible in the cross-examination of a witness are determinable by the trial judge in his sound judicial discretion and that here the trial court cannot be said to have abused this discretion because no proper foundation was laid for the question. We disagree with the Government.

It is clear that when a court denies cross-examination of a witness upon a proper subject for cross-examination it is ground for reversal if the denial appears to have been harmful. See Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); District of Columbia v. Clawans, 300 U.S. 617, 632, 57 S.Ct. 660, 81 L.Ed. 843 (1937); see also Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). It is equally clear that inquiry into the possible financial stake of a witness in a particular outcome of a case in which the witness is testifying is a proper subject for cross-examination. One of the useful functions of cross-examination is to assist the fact-finder in appraising the credibility of a witness and a witness's financial stake in a particular outcome is relevant to the issue of his credibility. See McCormick, Evidence § 40 (1954). Although this type of inquiry is useful it also, of course, may involve the countervailing dangers of time-wasting and undue prejudice, and therefore the extent of a cross-examination rests in the sound judicial discretion and control of the trial judge. But this rule limiting the extent of a cross-examination as to a witness's credibility may be invoked to sustain a trial court's decision restricting cross-examination only after a party has had a chance to exercise his right to cross-examine within the areas where the witness's interest is suspect. Here the trial court prevented any cross-examination relative to White's financial interest in the outcome of the case. The issue is thus narrowed to whether the trial court erred in excluding the question concerning White's financial interest on the ground that no foundation for the question had been laid. We are acquainted

with no statute or decision imposing such a requirement, but, in any event, evidence was before the jury that White had been a trusted employee of the defendant in connection with his business enterprises, and, as White was a government witness against his former employer, what more foundation would one need to justify an attack upon his credibility? In the interest of saving time many courts do require that, before such a financial interest can be shown by extrinsic evidence, a foundation must be laid by asking the witness under attack whether such a financial interest exists. McCormick, Evidence § 40, at 85 (1954). This is the very question that was here excluded.

The trial court erred in excluding the question designed to show that White had a financial interest in obtaining Wheeler's conviction, and, as it is patent that this error harmed appellant in conducting his defense, the judgment of conviction below must be reversed, the verdict set aside and the case remanded for a new trial.