COMMONWEALTH *vs.* MINICOST CAR RENTAL, INC.

Suffolk.   November 4, 1968. — December 2, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, &
REARDON, JJ.

*Way*, Public: parking, traffic regulation. *Motor Vehicle*, Parking. *Municipal Corporations*, Traffic regulation. *Evidence*, Judicial notice. *Constitutional Law*, Due process of law, Equal protection of laws, Parking.

Judicial notice is not taken of a municipal traffic regulation. [747]

A municipal traffic regulation forbidding the registrant of any motor vehicle to allow it to be parked contrary to any parking rule, with a minor penalty by fine for a violation, did not deny due process of law or equal protection of the laws to an automobile rental agency which was convicted of and fined for such a violation because a hirer of one of its automobiles had parked it contrary to a parking rule before returning it, although the regulation did not require scienter on the part of the motor vehicle registrant as an element of the offence created thereby and it appeared that the agency in fact had no knowledge of the violation until long after it occurred and that the agency did a large business with many different hirers. [748–749]

COMPLAINT filed in the Municipal Court of the City of Boston on January 24, 1968.

Upon appeal to the Superior Court the case was heard by *Canavan*, J., a Municipal Court judge sitting under statutory authority.

*Robert J. Annese* for the defendant.

*James M. Kickham*, Assistant District Attorney, for the Commonwealth.

WILKINS, C.J.   This complaint in the Municipal Court of the City of Boston comes here on the defendant's exceptions from the Superior Court, where it was heard by a judge sitting without jury.

The complaint alleges, and the judge found, that a motor vehicle registered to the defendant was double parked in violation of the parking rules and regulations of the city

of Boston. A fine of $10 was imposed. The testimony may be summarized as follows: On September 20, 1967, a police officer observed a sedan double parked in front of 717 Boylston Street from 12:50 P.M. to 1 P.M. and placed a "parking ticket" for this violation on the windshield. He made no effort to identify the operator or to notify the registered owner. The defendant, having a usual place of business in Cambridge, rented automobiles throughout the Commonwealth. Its vehicles have identifying insignia on the rear windows. On September 19, 1967, the sedan was rented to one Saradia of Everett. He returned it on September 22, 1967, without mentioning the parking ticket. The defendant first learned of the violation on January 24, 1968, when it received the summons.

At the close of the evidence, the defendant's motion to dismiss, "alleging infringement of rights guaranteed it under both the United States and Massachusetts State Constitutions," was denied, and the defendant excepted.

The precise parking regulation violated does not appear in the record, as it should. See, for example, *Commonwealth v. Dobbins,* 344 Mass. 272. We do not take judicial notice of it. *Finlay* v. *Eastern Racing Assn. Inc.* 308 Mass. 20, 26–27. *Commonwealth* v. *Berney,* 353 Mass. 571, 572. The omission places a handicap upon appellate judicial consideration. Examination of the briefs, however, shows that the parties are in agreement as to the regulation found to have been violated and quote its wording, which for the sake of clarity, we shall use in this opinion.

Article IV, § 1, of the city of Boston Traffic Rules and Regulations provides in material part: "No person shall allow, permit or suffer any vehicle registered in his name to stop, stand or park in any street, way, highway, road or parkway under the control of the city in violation of any of the rules and regulations of the Traffic and Parking Commission . . . ." The authorization for the foregoing is St. 1929, c. 263, as amended. Also it is provided in G. L. c. 90, § 20C (as amended through St. 1966, c. 119), that "it shall be the duty of every police officer who takes

cognizance of a violation of any provision of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established for their respective city or town, forthwith to give the offender a notice . . . ."

The defendant's contentions, based upon the absence of any requirement of knowledge on the part of the owner of the offending vehicle who was not the operator at the time of the violation, are that there was a denial of due process and of the equal protection of the laws.

The defendant does not trouble to cite or explain *Commonwealth* v. *Ober,* 286 Mass. 25, where there is but one factual distinction from the case before us. In the *Ober* case it does not appear who made the improper parking. In the case at bar the improper parking was by one who rented the automobile from the defendant. This, however, is a distinction without importance. As was pointed out in the *Ober* case, at page 32, "The inconvenience of keeping watch over parked vehicles to ascertain who in fact operates them would be impracticable, if not impossible, at a time when many vehicles are parked. . . . [T]he rules and regulations of the Boston Traffic Commission . . . were framed and intended to cover and make punishable any violation . . . by the owner of any vehicle registered in his name . . . ."

This doctrine is not impaired by *Morissette* v. *United States,* 342 U. S. 246, or *Lambert* v. *California,* 355 U. S. 225, both of which recognize that many public welfare crimes that require no intent are valid.

The defendant argues that where the penalty is not minor, absence of a scienter requirement may result in a deprivation of property without due process of law. It refers to *Commonwealth* v. *Buckley, ante,* 508. In the case at bar, the penalty of a fine not exceeding $20 is very definitely minor. As said in the *Buckley* case at page 511, "Generally, however, it has been held that the Legislature may make criminal an act or omission even where the person responsible has no 'blameworthy condition of the mind,'" citing authorities, including *Commonwealth* v. *Ober,*

286 Mass. 25, 30, *supra.* This is but another instance where the penalty is "relatively small, and conviction does no grave damage to an offender's reputation." *Morissette* v. *United States, supra,* 256.

To move away from such reasoning, the defendant seeks to rely upon its large business as a rental agency whose vehicles are operated by many different renters. It asserts that there would be a large economic waste, but that argument does not apply to the case at bar, where there is only one conviction and a small fine. That the defendant may later be convicted of additional violations is not presently in issue. But beyond that, we would be slow to lighten the possible penalty for a large owner of cars in comparison with that for owners of fewer cars.

The defendant has an easy means of enforcing reimbursement from its renter. The standard rental agreement, which the renter, a resident of Everett, signed, provides in paragraph 4, "Renter expressly acknowledges personal liability to pay Lessor on demand . . . (f) all fines and court costs for parking, traffic or other legal violations assessed against said vehicle, Renter, or Lessor during [the] term of this agreement, except where caused through [the] fault of Lessor . . . ."

There is no deprivation of property without due process of law. Far from being a denial of the equal protection of the laws, a decision for the defendant would more likely create one.

*Exceptions overruled.*