**UNITED STATES of America, Appellee,**

v.

**Edward REED and Carl White, Appellants.**

**Nos. 457 and 458, Dockets 34994 and 34996.**

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1971.

Decided Jan. 12, 1971.

See also D.C., 313 F.Supp. 451.

F. MacBuckley, Asst. U. S. Atty. (Stewart H. Jones, U. S. Atty., D. Connecticut, on the brief), for appellee.

George A. Johnson, New Haven, Conn., for appellant Edward Reed.

Howard T. Owens, Jr., Bridgeport, Conn., for appellant Carl White.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

## PER CURIAM:

This is an appeal from a judgment of conviction of the two named defendants on three counts of bank robbery—violations of subsections (a), (b), and (c) of 18 U.S.C. § 2113, and subsections (a) and (b) of 18 U.S.C. § 2. Trial was commenced on April 15, 1970 in the District of Connecticut, before Judge T. Emmet Clarie and a jury. After the jury returned a verdict of guilty on April 24, Reed was sentenced to twenty years imprisonment and is presently in prison for unrelated federal convictions. White was sentenced to fifteen years and was released on bail pending this appeal. We affirm the convictions.

The government's chief witness at trial was Ralph Maselli, an accomplice of the co-defendants. He admitted that in exchange for his testimony the government had granted him complete immunity from ten federal bank robbery charges and, through an "arrangement" with the state authorities, from a state murder charge. Both defendants testified on their own behalf and denied robbing the bank in question.

The appellants' main contention is that the district court erred in precluding cross-examination of Maselli concerning whether he contemplated writing a book about his bank robbery escapades. Appellants' claim is based on the following colloquy. During cross-examination of Maselli, defense counsel asked:

Q. Mr. Maselli, are you still planning to write a book about—

Mr. Crane: Object.

Mr. Tiernan: I think it is extremely pertinent, if your honor please.

(Counsel then were called to the bench and the following discussion was held.)

The Court: What is the basis of the discussion?

Mr. Tiernan: The basis of the question is, your Honor, that in a previous case this witness testified that he discussed with his attorney the writing of a book about his adventures as a bank robber: that he discussed receiving $15,000 for the writing of this book and I think it clearly shows his interest in this matter. Who is going to buy a book from a witness whose testimony doesn't convict anyone?

The Court: Where does he testify to that?

Mr. Tiernan: He testified to this matter before Judge Blumenfeld in Bridgeport, in a case involving the robbery of a High Ridge National Bank in Stamford, Connecticut, if your Honor pleases.

I have the transcript here available if you would like to see it.

\* \* \* \* \* \*

The Court: What relevancy does that have to his truthfulness here?

Mr. Tiernan: It clearly shows his interest in the outcome of the case, shading his testimony, or testifying falsely, if he expects to receive some monetary reward for writing a book about this. And as far as a bank robber, people would certainly be less willing to buy a book if his evidence was insufficient to convict anyone.

The Court: I can't see the relevancy. The objection is sustained \* \* The jury will disregard the last question.

Reed and White contend that Judge Clarie erred in disallowing this line of inquiry as irrelevant, since the

inquiry was intended to show Maselli's interest in the outcome of the case and a defendant has the right to a full cross-examination of any circumstance which may evidence bias, interest, or prejudice toward him. We agree that the district court erred in this regard, for it is settled that a witness's possible financial stake in the outcome of a case is highly relevant. Wheeler v. United States, 351 F.2d 946 (1st Cir.1965). But we consider the error harmless in view of the overwhelming evidence of the defendants' guilt, in view of the fact that the claimed possibility of reward was speculative in the extreme, and in view of the fact that there were 115 pages of other inquiry on cross-examination of Maselli as to that witness's motives in testifying, including his promised immunity from numerous criminal charges.

We have examined the appellants' other contentions and we find them to be without merit.

Affirmed.

MOORE, Circuit Judge (concurring):

I concur in the result and the opinion except that I do not find error in Judge Clarie's exclusion of the book testimony.