COMMONWEALTH *vs.* MARK A. DRAYTON. December 2, 1977. We conclude that there was no error on either of the grounds asserted by the

defendant in his appeal from his conviction, after a jury trial, of attempted larceny from the person. He was arrested by an MBTA police officer who had observed his attempted theft of contents of the handbag of a passenger in a crowded street car. 1. Questions put to the officer by the prosecutor were properly limited to whether the officer had known the defendant prior to his placing him under surveillance in the subway on this occasion. Other questions claimed by the defendant to be prejudicial because they tended to establish the bad character of the defendant were excluded by the judge with prompt instructions to the jury to disregard them. If the excluded questions tended to leave such an impression in the minds of the jury, their effect was harmless because defense counsel queried the officer as to whether he had arrested "any other suspected pickpockets on the MBTA that day." 2. We discern no merit in the defendant's belated claim of error in the exclusion of a question put to the officer on recross-examination calculated to demonstrate bias on the part of the witness, or in the judge's admonition to defense counsel which followed. No objection or exception was seasonably taken to the exclusion of the question, and with respect to the judge's admonition to defense counsel, the latter's response indicated only that he agreed that the admonition had been appropriate. Reasonable cross-examination to show bias or prejudice on the part of a witness is, of course, a matter of right. *Commonwealth* v. *Michel,* 367 Mass. 454, 459 (1975). *Commonwealth* v. *Ferrara,* 368 Mass. 182, 186 (1975). *Commonwealth* v. *Ahearn,* 370 Mass. 283, 286-287 (1976). However, here there was no explanation by defense counsel to indicate the purpose of the question; and neither the scope of the evidence which preceded the question, nor the indefinite import of the question itself, would have revealed to the judge that the answer sought might have been favorable to the defense in showing bias or prejudice on the part of the witness against this particular defendant. See *Commonwealth* v. *Sansone,* 252 Mass. 71, 74-75 (1925). Contrast *Davis* v. *Alaska,* 415 U. S. 308, 317-318 (1974); *Wheeler* v. *United States,* 351 F. 2d 946, 948 (1st Cir. 1965); *United States* v. *Honneus,* 508 F. 2d 566, 572 (1st Cir. 1974).

*Judgment affirmed.*

*Paul F. Kenney* for the defendant.
*Philip A. Tracy,* Assistant District Attorney (*Mark T. Anastasi* with him) for the Commonwealth.