PEOPLE *v.* HOOGY.

1. Municipal Corporations—Ordinances—Constitutionality.
    In the consideration of the constitutionality of an ordinance force and effect must be given to each of its provisions and court may not assume that part of it is meaningless.

2. Same—Enforcement of Traffic Ordinances—Prima Facie Case—Constitutionality—Witness Against Oneself.
    Ordinance providing that in any proceeding for violation of traffic ordinance, the registration plate displayed on such motor vehicle shall be evidence which, standing alone, should be deemed *prima facie* proof that the owner of the car was then operating it but that if owner testified under oath he

was not operating it and submitted himself to examination as to who was, presumption should be rebutted *held*, unconstitutional, since by restricting an accused to the single method of rebutting *prima facie* case against him he is deprived of due process of law in that he is either compelled to be a witness against himself or else be denied a fair and impartial trial by jury (Const. 1908, art. 2, § 16; Detroit Ordinance No. 350-C, § 4).

Appeal from Recorder's Court for the City of Detroit; Maher (Thomas F.), J. Submitted June 12, 1936. (Docket No. 114, Calendar No. 39,049.) Decided November 9, 1936.

Joseph Hoogy was charged with having illegally parked his automobile. Dismissal of complaint is reviewed by appeal in the nature of mandamus. Affirmed.

*Raymond J. Kelly,* Corporation Counsel, *Nathaniel H. Goldstick* and *Arthur Barkey,* Assistants Corporation Counsel, for appellant.

*George A. Kelly,* for defendant.

NORTH, C. J. This case raises the question of the constitutionality of a traffic ordinance of the city of Detroit, being ordinance No. 115-C, § 4, as amended by ordinance No. 350-C. The pertinent ordinance provisions are hereinafter quoted. A complaint was filed against Joseph Hoogy by a Detroit police officer charging Hoogy with unlawfully parking his car on a street where parking was prohibited during specified hours. At the trial the officer testified that the car belonging to defendant Hoogy was parked on Joy road in the city of Detroit at about 4:45 p. m. on April 8, 1936, at a place where signs were posted prohibiting parking between 7 a. m. and 9 p. m. The

officer also testified that he ascertained through the records of the secretary of State's office that this automobile, bearing license W-53558, was owned by the defendant. Defendant's counsel admitted such ownership. Corporation counsel who was prosecuting the suit rested on the above record and thereupon defendant's counsel moved that the complaint be dismissed and a verdict of not guilty returned for the following reasons:

(1) The burden is upon the people to prove that the defendant parked his car at the place alleged in the complaint.

(2) The court can draw no inference that the defendant knew and allowed his vehicle to be illegally parked.

(3) The court should rule as a matter of law that Ordinance No. 350-C, under which this complaint is made, is unconstitutional.

Thereupon the court ruled as follows:

"The people having failed to show by affirmative evidence that the defendant parked his motor vehicle in violation of the law, the motion is granted and the complaint is dismissed. I find that Ordinance No. 350-C, under the terms of which an owner of a motor vehicle is *prima facie* guilty of a violation of the traffic ordinance, unless such owner affirmatively shows that the violation was not committed by him, is unconstitutional and void."

The corporation counsel filed a motion to set aside the order dismissing the complaint and for an order reinstating the complaint and that the court proceed with the trial. This motion was denied. Appellant seeks mandamus to require the trial court to set aside the order of dismissal and to proceed with the hearing of the case.

Notwithstanding some testimony was taken, the court's ruling in reality was based solely on his holding that the ordinance was unconstitutional. Appellant asserts that the ordinance is valid and that under its provisions a *prima facie* case was made against the defendant. The sole question for review is the constitutionality of the ordinance. Its pertinent provisions read:

"In any proceeding for violation of the provisions of ordinance No. 115-C of 'the ordinances of the city of Detroit, and all amendments thereto, commonly known as the 'traffic ordinance,' or any rule or regulation adopted pursuant to the provisions of said ordinance, the registration plate displayed on such motor vehicle shall be evidence which standing alone and unexplained shall be deemed sufficient proof that the owner of such motor vehicle was then operating same. *If at any hearing or proceeding the owner shall testify under oath or affirmation that he was not operating the said motor vehicle at the time of the alleged violation, and if at such hearing or proceeding the owner shall submit himself to an examination as to the person, who at the time was operating the same, and will reveal the identity of such person, if known to him, then the evidence arising from the registration plate that the owner of such motor vehicle was then operating the same, shall not be deemed sufficient proof that the owner of such motor vehicle was then operating the same and the burden of proof shall be shifted to the complainant.*"

We must take this ordinance as framed by the common council and give force and effect to each of its provisions. We may not assume that part of the ordinance is meaningless. When so read and construed it convincingly appears that the italicized portion of the ordinance was embodied therein for

the express purpose of compelling a person prosecuted under its terms to appear in court and be a witness in the proceedings brought against him. In effect the italicized portion of the ordinance by necessary inference means this: If the accused submits himself as a witness the *prima facie* case made by the ordinance is overcome, but otherwise (regardless of whatever other testimony than that of the accused is submitted) the *prima facie* case against him is not overcome. The italicized portion of the ordinance restricts the accused to one class of competent testimony by which the presumption may be met in making his defense, and in so doing bars him from meeting the presumption with other testimony regardless of its competency and probative force. Such an ordinance provision deprives the accused of due process, compels him to be a witness in proceedings wherein he is being prosecuted and is therefore obviously invalid and violative of the Constitution of this State, which provides:

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law." Const. 1908, art. 2, § 16.

In arriving at the stated conclusion we have not overlooked appellant's contention. It is outlined in his brief as follows:

"The clause (the italicized words) providing that such presumption may be met by the testimony of the owner does not purport to establish the only method by which the presumption may be overcome but merely attempts to protect the right of the accused·by indicating through legislative act one method by which such presumption can be overcome. * * * This method of repelling the presumption is not exclusive, however. He (the defendant) could

produce a witness who could testify to the same effect. He could have an alibi. He could produce any proof which would satisfy the court and thus overcome the presumption that the owner had control or possession of the car at the time of the violation.''

We cannot so construe the italicized portion of the ordinance. Such a construction would be equivalent to saying that the italicized words mean nothing. And further, it may be noted that in cases wherein alleged violations of the ordinance are tried before a jury of necessity the provisions of the ordinance will be placed before the jury. In such cases defendants who did not appear and testify, as the ordinance provides, would necessarily be prejudiced by the terms of the ordinance. In our judgment the constitutional right to a fair and impartial trial would be violated.

Appellant's petition for writ of mandamus is dismissed, with costs to appellee.

Fead, Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.