[No. 37997. Department Two. January 27, 1966.]

THE CITY OF SEATTLE, *Respondent,* v. CLIFFORD A. STONE, *Appellant.**

*Reported in 410 P.2d 583.

*Clifford A. Stone,* pro se.

*A. L. Newbould* and *William L. Parker,* for respondent.

WEAVER, J.—This case involves the constitutionality of a portion of § 21.66.180 of Seattle Ordinance No. 91910, the traffic ticket ordinance of the City of Seattle.

Defendant, who appears pro se, appeals from a judgment and sentence dated November 6, 1964, which finds him

guilty of 20 overtime parking violations on the streets of the City of Seattle and [he] is sentenced to pay a fine of $186.00.

The judgment further provides:

That defendant pay costs in this Court [superior] to be taxed and stand committed to the City Jail upon his failure fully to comply with this judgment; . . . .

The following is the *entire* statement of facts before us. The formal heading is omitted.

I.

That the City of Seattle and defendant Clifford A. Stone stipulated as to certain facts recited in the judgment and sentence dated Nov. 6, 1964.

II.

That no witnesses appeared in court and the case was heard on the stipulated facts.

III.

That no evidence was introduced.

It is apparent that the statement of facts is meaningless unless read in conjunction with the stipulation contained in the judgment and sentence. The stipulated facts are: "that the defendant owns a [designated vehicle]; that this vehicle was issued 20 citations for overtime parking at various times on the streets of the City of Seattle and that the defendant was not present when the car was cited by members of the Seattle Police Department."

Defendant makes a three-pronged attack upon the judgment and sentence. We first consider his argument that

§ 21.66.180 of Seattle Ordinance 91910 violates due process of law. The ordinance provides that:

Every person in whose name a vehicle is registered (licensed) shall be responsible for any parking or angle parking of said vehicle and for all offenses other than moving violations under this code. *It shall be no defense that said vehicle was illegally parked or angle parked or used by another, unless it be shown that at such time said vehicle was being used without the consent of the registered (licensed) owner thereof*: Provided, that the lessee of a commercially rented or leased vehicle alone shall be responsible for any parking or angle parking of such vehicle and for all violations of this code committed while the vehicle is being leased or rented, if the registered (licensed) owner of such vehicle furnished the Traffic Violations Bureau with a copy of the renting or leasing contract stating the name and address of the renter or lessee. (Italics ours.)

In its defense, counsel for the city urges that we read into the first sentence of the ordinance the words "prima facie" before the word "responsible," as other courts have done. At this point we cannot do so in view of the unambiguous language of the second sentence which does not allow the defense of authorized use. The ordinance clearly imposes vicarious criminal liability upon the owner of an automobile without allowing him to defend on the ground that one whom he permitted to use the car was actually the offender.

Our review of the authorities discloses that the statutes and ordinances which make automobile owners responsible for parking violations fall into two general classes. First, there are those which *provide* that the facts of violation and ownership together raise a *prima facie rebuttable presumption* that the owner committed the offense. *Columbus v. Webster*, 170 Ohio St. 327, 164 N.E.2d 734 (1960); *St. Louis v. Cook*, 359 Mo. 270, 221 S.W.2d 468 (1949); *Commonwealth v. Kroger*, 276 Ky. 20, 122 SW.2d 1006 (1938); *People v. Kayne*, 286 Mich. 571, 282 N.W. 248 (1938) and *People v. Bigman*, 38 Cal. App. 2d Supp. 773, 100 P.2d 370 (1940), are illustrative of this type of

ordinance or statute. The ordinances and statutes involved in the above cases do not make any inferred fact conclusive. The presumption of vicarious responsibility may be rebutted.

The second class of ordinances and statutes omits any reference to a prima facie presumption. This category declares that whenever an automobile is parked illegally, the registered owner shall be subject to the penalty for the violation. On their face, the ordinances or statutes impose absolute liability. Courts have, however, construed them to mean that only a *prima facie responsibility* is established; thus the owner may avoid conviction by showing that he did not in fact commit the violation. *Chicago v. Crane,* 319 Ill. App. 623, 49 N.E.2d 802 (1943); *Commonwealth v. Ober,* 286 Mass. 25, 189 N.E. 601 (1934). See also annotation "Inference or presumption that owner of motor vehicle was its driver at time of traffic, driving or parking offense," by W. E. Shipley, 49 A.L.R.2d 456 (1956), for summaries of cases cited herein.

Clearly the Seattle ordinance, *supra,* is not of the first class mentioned. The second sentence—"It shall be no defense . . ."—removes it from the second category.

█ This leaves the question whether a conclusive presumption of guilt, upon a showing of ownership and violation, is consistent with due process. Even if the presumption be rebuttable, there must be some rational and reasonable connection between the fact proved and the ultimate fact presumed. See *United States v. Romano,* 382 U.S. 136, 15 L. Ed. 2d 210, 86 Sup. Ct. 279, and cases cited. Common experience dictates that there is a rational connection between proof of registered ownership of an automobile and a prima facie presumption that it was parked by the owner. The inference is not an arbitrary one. Counsel have not cited, nor has our research disclosed, a statute or ordinance that goes as far as that portion of the second sentence of 21.66.180 of Seattle Ordinance 91910 preceding the proviso, cited *supra,* unless it be the ordinance considered in *People v. Forbath,* 5 Cal. App. 2d Supp. 767, 42 P.2d 108

(1935), or *People v. Hoogy,* 277 Mich. 578, 269 N.W. 605 (1936), or *Commonwealth v. Ober,* 286 Mass. 25, 189 N.E. 601 (1934).

In *Forbath, supra,* the Los Angeles ordinance made it unlawful for the registered owner "to allow, permit or suffer" any vehicle registered in his name to be illegally parked. The ordinance was construed to mean that unless the defendant *knew* that his car was being parked during the time it was being parked *and* unless such parking was at least passively acquiesced in by him, he could not be found guilty.

In *Hoogy, supra,* although the ordinance created only a prima facie presumption of responsibility arising from the registered ownership of an automobile illegally parked, the ordinance was held invalid because it was drafted in such a manner that the ordinance required the accused to take the stand and testify.

The exact holding of *Ober* is not clear to us. The case involved an "allow, permit or suffer" ordinance. No evidence was presented as to who parked the car. The court upheld the conviction stating that the owner has a responsibility to see that the traffic regulations are not violated by his act or the act of another. If that was all the court stated, it would appear to be judicial approval of vicarious criminal liability by means of a conclusive presumption. However, the Massachusetts court added that "the reported evidence established a prima facie case which was not met by evidence offered by the defendant." The quoted language has led to the general conclusion by legal commentators that the case is only a "prima facie" responsibility case. See Levin, Ownership as Evidence of Responsibility for Parking Violation, 41 J. Crim. L. and Criminology 61 (1950); Traffic Violations: Vicarious Liability of Owners and Presumptive Owner-Operation, 23 U. Chi. L. Rev. 532 (1956).

From an analysis of the reported cases, we conclude that if *Ober* holds an owner strictly liable under any and all

circumstances,[1] it is an unfortunate deviation from the generally recognized limits of vicarious criminal liability.

The second sentence of the Seattle ordinance preceding the proviso is patently incompatible with the concept of due process. It purports to make a defendant responsible even though he in fact might not have been responsible for the parking violation.

For the reasons indicated, we are forced to strike down as unconstitutional that portion of the second sentence of § 21.66.180 preceding the proviso, for it deprives an automobile owner of due process of law.

We then interpret the remainder of § 21.66.180, as do the authorities heretofore cited, to establish only a prima facie responsibility upon the registered owner, which he has the right to rebut, if he can. This in nowise interrupts the city's exercise of its police power or its right and power to enforce its parking ordinances.

■ Next, we find no merit in defendant's contention that his constitutional rights were invaded because the parking tickets were not handed to him or to the driver of the car, but were placed on the automobile. This argument has been rejected by every court that has considered the question. See *Columbus v. Webster,* 170 Ohio St. 327, 164 N.E.2d 734, for a typical discussion. The existence and validity of the ordinance allowing placement of the citation upon the automobile is dictated by the practical and modern necessity of maintaining orderly traffic enforcement.

■ Finally, defendant argues that he did not receive due process of law because no witnesses appeared at the trial to testify against him. That an accused has the right to be confronted by his accuser and to cross-examine him

---

[1] In *People v. Forbath, supra, Ober* was cited as holding that even an owner whose car had been stolen and parked illegally by the thief would be conclusively guilty. However, the California court refused to give a similar interpretation to the Los Angeles ordinance there under consideration.

is so engraved in the law that we cite only our constitutional provision. Art. 1, § 22, Washington Constitution.

In the instant case we have the rather bizarre situation of an accused being assessed a substantial fine in a judgment which admittedly was entered without the production of witnesses or the introduction of testimony.

We are confined to the interpretation and meaning of the bare stipulated facts recited in the judgment and sentence: defendant owned the automobile; he was not present when the car was cited for overtime parking.

In appellate briefs and in oral argument before this court, there is a sharp conflict between defendant and counsel for the city. Defendant contends that he did not waive the necessity of requiring witnesses to testify against him and that no waiver appears in the stipulated facts. The city argues to the contrary and counters that defendant did not present his contention to the trial court; hence, his argument will not be considered by this court on appeal. *State v. Jesse*, 65 Wn.2d 510, 397 P.2d 1018 (1965).

In view of (a) the fundamental constitutional nature of defendant's right to be confronted by his accuser and to cross-examine him, (b) the paucity of the record before us, (c) defendant's statement, although equivocal, in oral argument in this court that he believed the trial judge understood his position, and (d) the actual wording of the stipulation, we conclude that defendant did not waive his right to be confronted by his accuser.

The judgment and sentence is reversed and the case is remanded for a new trial.

It is so ordered.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and LANGENBACH, J. Pro Tem., concur.