THE HONORABLE JOSEPH B. GARY, DISTRICT JUDGE, sitting in place of MR. JUSTICE SHEA,
dissenting:
I would affirm the decision of the trial court for the following reasons. First of all, I agree with the statement of facts of the majority opinion and I do not feel that it is necessary to overrule State v. Jetty, 176 Mont. 519, 579 P.2d 1228, as apparently is done by the majority opinion.
As is shown in the majority opinion and by the trial court’s opinion that following State v. Jetty, supra, the Missoula City Commission struck out the conclusive presumption of Section 20-118 as being unconstitutional in that it deprived the automobile owner of due process of law. Therefore, following Jetty the remainder of Section 20-118 merely established a prima facie responsibility of the registered owner which he had the right to rebut if he could. In like manner, Section 20-184 merely provides that there is a prima facie presumption that the registered owner of such vehicle was the person who parked or placed such vehicle *300 illegally and for the time such violation occurred. This, then, in the light of State v. Jetty, supra, permits the owner of the vehicle to come forward if he so desires to overcome the prima facie case and certainly is not an unconstitutional shifting of the burden of proof in a parking case for two reasons. First, this is a malum prohibitum offense and secondly, the legislature has authorized the establishment of absolute liability in such matters which has been upheld by this court. See Section 45-2-302(2), MCA. This will be discussed at a later time.
The effect of the majority’s decision is to strike from the ordinances as unconstitutional, that portion of the ordinance which established a prima facie presumption that the registered owner of the vehicle was the person who parked the vehicle. The effect of this is to place the municipalities in the State of Montana in a complete state of disarray and is inconsistent with what the majority of the courts are doing in the United States. In State v. Jetty, supra, the court declared and interpreted the remainder of the parking regulations of Livingston establishing a prima facie responsibility upon the registered owner, which he or she had the right to rebut if he or she could. State v. Jetty, supra, followed the original decision of the City of Seattle v. Stone, 67 Wash.2d 886, 410 P.2d 583, and said on page 1230 and 1231 of 579 P.2d 1228 as follows:
“We cite City of Seattle v. Stone, supra, with approval and adopt the following rationale:
“ ‘The second sentence of the Seattle ordinance (section 28-264(b), Livingston ordinance) preceding the proviso is patently incompatible with the concept of due process. It purports to make a defendant responsible even though he in fact might not have been responsible for the parking violation.
“ ‘For the reasons indicated, we are forced to strike down as unconstitutional that portion of the second sentence of Sec. 21-66.180 (Livingston ordinance subsection (b)) preceding the proviso for it deprives an automobile owner of *301 due process of law.
“ ‘We then interpret the remainder of Sec. 21.66.180 (Livingston ordinance 28-264, subsection (a)), as do the authorities heretofore cited, to establish only a prima facie responsibility upon the registered owner, which he has the right to rebut, if he can. This in nowise interrupts the city’s exercise of its police power or its right and power to enforce its parking ordinances.’ ” (emphasis added in original) 410 P.2d 583. (Parenthesis material added in original.)
It is interesting to note that in the second City of Seattle v. Stone case, when the conclusive presumption was removed, there was a short decision, 71 Wash.2d 905, 426 P.2d 604, 605, and affirmed the conviction when the owner of the vehicle did not come forward to rebut the prima facie case established by the ownership of the vehicle.
Looking at other jurisdictions, the courts there have discussed the problems that exist if the majority opinion is followed to its logical conclusion in that the municipalities are really offered no alternative when a parking violation occurs. Therefore, the practical aspect would require the cities to place a large number of policemen at all cars so that the offender can be apprehended when he returns to the vehicle or in the alternative to remove the vehicles and charge large storage and removal fees, etc., which will undoubtedly cause the citizens to rise up in arms.
The State of Illinois addressed this problem in the City of Chicago v. Hertz Commercial Lease Corp., 71 Ill.2d 333, 17 Ill.Dec. 1, 375 N.E.2d 1285 (cert. denied by the U.S. Supreme Court). The Illinois Supreme Court discusses virtually all of the aspects of the law regarding parking ordinances.
“Parking ordinances similar to, and almost identical to, the above cited ordinance have been examined by courts throughout the country over the past 50 years. The controversy almost invariably emerges as a concerted attempt by the courts to discern the intention of the local authority in regulating parking. Some local authorities seek to impose *302 liability ultimately on the driver and do so by summoning the registered owner to court, at which time the owner is presumed to have parked the vehicle. The owner may successfully rebut this presumption, in which case the local authorities are thrust into the dilemma of either securing personal jurisdiction over the driver, or dismissing the case. Other local authorities seek to impose liability directly on the registered owner, in which case the owner is held vicariously responsible for the violation. In either case, the person subject to the penalty is strictly liable, in the legal sense that the owner or driver need not have intended to commit the offense to be responsible for the violation.

a

“The defendants vigorously argue that the plain meaning of the words ‘prima facie responsible’ in the Chicago ordinance indicates that it was the municipality’s clear intention to allow the registered owner to rebut the presumption that the vehicle was parked by the owner. The issue cannot be so facilely resolved. The words ‘prima facie’ mean nothing more than ‘at first sight’ or ‘so far as can be judged from the first disclosure’ or ‘presumably’ or ‘without more.’ (Black’s Law Dictionary 1353 (4th ed. 1957); Iowa City v. Nolan (Iowa 1976) 239 N.W.2d 102, 105.) In its statutory context, the words ‘prima facie’ mean that the City has established its case against the registered owner by proving (1) the existence of an illegally parked vehicle, and (2) registration of that vehicle in the name of the defendant. Such proof constitutes a prima facie case against the defendant owner. There is no indication in the ordinance that the owner, to be presumed responsible for the violation, must be presumed to have been the person who parked the vehicle. In practice, the defendant, to absolve himself of responsibility, may show that the vehicle was not parked illegally or that he was not the registered owner of the vehicle at the time of the alleged violation. The defenses are limited, but the plain meaning of the ordinance admits of no more.
*303 “A predecessor of the ordinance in question provided:
“ ‘Whenever any vehicle shall have been parked in violation of any of the provisions of this chapter prohibiting or restricting parking, the person in whose name such vehicle is registered shall be subject to the penalty for such violation.’ (Chicago Municipal Code, ch. 27, sec. 34.1.)
“This unambiguous language imposes both strict and vicarious liability on the owner whenever his vehicle is illegally parked, irrespective of whether the owner was the person who parked the vehicle.
“The defendants assert that, because the present ordinance added the words ‘prima facie responsible for such violation,’ the City deliberately chose to incorporate into the ordinance the presumption that proof of ownership is prima facie evidence that the vehicle was parked by the owner. We interpret the development of the ordinance differently.” 17 Ill.Dec. at 4, 375 N.E.2d at 1288. (emphasis supplied.)
You will note in the Chicago ordinance the words “prima facie” as appears in the Missoula ordinance. The Illinois court went on to state in the City of Chicago case the additional language:
“We are in accord with the results reached by the supreme courts of Ohio, Missouri and Iowa. We believe that the City intended, under both the previous and the present ordinances, to subject the owner of an illegally parked vehicle to the penalty for such parking violation. The incorporation of the words ‘prima facie responsible’ merely clarified that the defendant is not conclusively subject to penalty once the City establishes its prima facie case of a violation and ownership, but that he can come forward with evidence controverting either element of the case against him. . .

a

“An irrebuttable presumption may be a constitutional denial of due process if it deprives a party of the opportunity to prove the nonexistence of an essential element of the substantive offense. The defendants’ position assumes that *304 an essential element of the ordinance is the presumption that the owner was the person who parked the vehicle. As we have previously stated, the ordinance does not purport to incorporate that presumption into the substantive offense. The two elements of the substantive offense are rebuttable by a showing that a violation was not committed or that the defendant was not the owner at the time of the violation. The constitutional requirement of procedural due process is satisfied because the defendant is not precluded from rebutting either element of the substantive offense.” 17 Ill.Dec. at 4-7, 375 N.E.2d 1288-1291.
There are similar holdings by other courts, for instance Iowa City v. Nolan, 239 N.W.2d 102, wherein the ordinance held that illegally parked automobiles was a violation . .if the identity of the owner cannot be determined, the owner or person or corporation in whose names the vehicle is registered shall be prima facie responsible for said violation.” The Iowa court said on page 105 as follows:
“In this appeal the ordinances before us are clearly within a permissible area of regulation in the interest of people’s lives and property. The tragic statistics have been so well promulgated as to be within the ordinary person’s general knowledge. About 50,000 lives are lost annually through traffic accidents. A vastly greater number of persons are injured and crippled. Certainly an illegally parked vehicle on a downtown street during rush hour can seriously endanger pedestrian and vehicular travel.
“Under the rationale of the above authorities, a registered owner may be vicariously liable for his illegally parked vehicle and subject to punishment pursuant to a public welfare regulation. Whether he may be subjected to imprisonment is not before us now.”
The court then added:
“Under this public welfare doctrine, it is clear section 6.54.1 may impose prima facie strict criminal responsibility upon the registered owner of an illegally parked vehicle. By proving (1) the existence of an illegally parked vehicle, (2) *305 registered in the name of the defendant, and (3) inability to determine the actual operator, the city can make out a prima facie case for imposing responsibility for the violation upon the vehicle’s owner. Under prior authority of this court and others, this ‘prima facie’ responsibility means ‘at first view’ or ‘on its face’ or ‘without more,’ State v. Richards, 126 Iowa 497, 502, 102 N.W.2d 439, 441, the proof of ownership is sufficient to create a jury question on defendant’s responsibility for the violation. Commonwealth v. Pauley, Mass., 331 N.E.2d 901, 905. This proof would also be sufficient to convict defendant unless the evidence indicated defendant was not in fact responsible for the violation. This permits defendant to come forward with evidence that someone was operating the vehicle without his consent or with other facts which would rebut the prima facie inference that the registered owner of a vehicle is responsible for its operation. In the area of public welfare offenses, such burden shifting is not constitutionally infirm. See U.S. v. Park, supra, 421 U.S. [658] at 672, 95 S.Ct. [1903] at 1912, 44 L.Ed.2d [489] at 501.”
Also see City of Kansas City v. Hertz Corp, (Mo.1973) 499 S.W.2d 449, wherein the Missouri Supreme Court upheld a prima facie responsibility comparable to that of the Missoula ordinance. Also see Commonwealth v. Minicost Car Rental, Inc. (1968), 354 Mass. 746, 242 N.E.2d 411 and the City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468.
In other words, practically all of the courts are unanimous and hold that if it is merely a prima facie establishment of liability that can be rebutted there is no unconstitutional shifting of burden in a case such as this.
The legislature, under provisions of Section 45-2-302(2), MCA, provided as follows:
“A person is legally accountable for the conduct of another when:
“(2) the statute defining the offense makes him so accountable;”
Using the rationale of the above cases this should be suffi *306 cient to affirm the trial court’s findings.
However, in Montana we have an additional reason why the District Court’s decision should be upheld. A search of the record fails to justify the statement of the court that in a parking violation there could be a penalty in excess of the $500.00 fine authorized by Section 45-2-104, MCA. There is a specific fine of a maximum of $50.00 because the specific fine set forth in the parking ordinance takes precedence over the general ordinance penalties of Missoula and set forth in Section 20-2 of the Missoula City Code. Section 20-2 is not a portion of the parking ordinance and this is gratuitously thrown in to reverse the trial court. This court has repeatedly held that the specific controls over the general as stated in the State Consumer Counsel v. Montana Department of Public Service Regulation, 181 Mont. 225, 593 P.2d 34, 36 (1979), State v. Holt, 121 Mont. 459, 194 P.2d 651, and In Re Wilson’s Estate, 102 Mont. 178, 56 P.2d 733 (1936).
The majority opinion holds that both vicarious liability and absolute liability are constitutional in Montana if the penalty does not exceed $500.00. Section 45-2-302(2) and 45-2-104, MCA. This is exactly what Section 20-118 of the Missoula City Code does. It states:
“Every person in whose name a vehicle is registered or licensed shall be responsible for any parking of the vehicle in violation of this division.”
This sentence was declared constitutional in State v. Jetty, supra, and clearly establishes vicarious liability on the owner. Because the Missoula City Code does not impose a penalty that exceeds Section 45-2-104, MCA, this Court should affirm the conviction of petitioner under the rational of City of Chicago v. Hertz, supra, Section 45-2-302(2) and 45-2-104, MCA, and Missoula City Ordinances 20-118 and 20-184.
On the question of graduated fines, it is my contention that this is within the power of police regulations of a municipality and one that the courts should not interfere with *307 so long as they are reasonable. It is obvious that if a person pays his fine without any additional actions by the municipality that a fine of $1.00 is reasonable. However, if it is necessary to send out notices and do additional bookkeeping because the person has not paid his fine, the expense to the city is greater and the violator should pay these costs. Under the exhibits introduced by the appellant, the maximum fine is $50.00 in any instance, which clearly is less than the prohibitions of Section 45-2-104, MCA. Considering all of the above, I would affirm the District Court’s decision and impose the fine.